## THURSTON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1927.)

No. 4833.

**Banks and banking ⇐257(3)—Evidence held to sustain conviction of employee for misapplication of funds of national bank (Comp. St. § 9772).**

Conviction of an employee of a national bank under Rev. St. § 5209 (Comp. St. § 9772), for misapplication of funds of the bank, *held* sustained by evidence that defendant collected a sum due the bank and intentionally failed to give credit for the same on the books, or to deposit it in the bank; that the bank lost the amount being inferable from such facts.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against Neil R. Thurston, alias Neil R. Anderson. Judgment of conviction, and defendant brings error. Affirmed.

Wm. A. Hallowes, Jr., and Miles W. Lewis, both of Jacksonville, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Thurston was convicted of the willful misapplication of the funds of a national bank, while he was manager of its discount department, in violation of R. S. § 5209 (Comp. St. § 9772).

Entries in the bank's records disclosed the collection of $440 as interest on a certain account held by the bank, and a failure to give credit for a corresponding, or any, amount. That such failure was intentional, and not due to a mistake in bookkeeping, was indicated by the erasure of a credit of $440, and by the correct entry of other items of interest. All the bookkeeping entries mentioned, including the one that was erased, were in defendant's handwriting.

*Rehearing denied May 2, 1927.

Defendant seeks a reversal on the ground that the evidence falls short of showing that the bank sustained any loss. It is argued that, in order to make the proof complete, it was incumbent on the government to show that the bank's books were out of balance, and that this could only be done by a complete record of the day's business. The evidence adduced shows that defendant collected $440, which he intentionally failed to deposit in the bank. The inference is plain that the bank lost that amount; and this is so, whether the loss was disclosed by its records, or concealed by a false entry.

The judgment is affirmed.